IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS MADANADO TORRES, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1656 |
| | : | |
| WARDEN DEROSE, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

November 4, 2015

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Carlos Maldanado Torres, an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania. Plaintiff has also submitted an in forma pauperis application.[1] For the reasons set forth below, Torres' action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

---

[1] Torres completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court will issue an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Named as Defendants in the Complaint are Warden Dominick DeRose and Prison Board Chairman Jeffrey T. Haste of the Dauphin County Prison. The Plaintiff is also proceeding against PrimeCare Medical Inc. ("PrimeCare")[2] and one of its employees, William Young, M.D.

Torres states that he entered the Dauphin County Prison on or about January 31, 2013. During the intake process, Plaintiff was seen by the prison's medical staff and complained of chronic back pain. He was subsequently treated by Doctor Young who initially prescribed him Motrin for his back pain. Approximately one year later, the Motrin was discontinued after Plaintiff complained that the medication was ineffective. "Doctor Young then prescribed 'Mobick' for the back pain." Doc. 1, p. 5. On December 17, 2014, the Mobick was discontinued "due to the ongoing chronic back pain." Id.[3]

Doctor Young next prescribed Pamelor, which Plaintiff describes as being a psychotropic medication. However, the medication purportedly caused Plaintiff to suffer multiple side effects including the development of a strangulated ventral hernia on March 28, 2015. Torres acknowledges that the hernia was surgically

---

[2] PrimeCare is a private corporation which has been contracted by the Dauphin County Prison to provide health care for its inmates.

[3] Based upon an exhibit attached to the Complaint, Plaintiff was prescribed Pamelor in a low dose on December 17, 2014 for long term non-narcotic pain management. See id. at p. 6.

2

treated at an outside hospital on July 6, 2015.

Plaintiff asserts that Pamelor is medication "is used for mental issues prescribed by a psychiatrist." Id. at p. 3. As such, the Complaint contends that Doctor Young acted improperly by prescribing it for treatment of Torres' back pain. The Complaint attempts to assert liability against Warden DeRose and Prison Board Chairman Haste based upon their respective supervisory capacities as well as their alleged failure to take action in response to Plaintiff's administrative grievances (which purportedly establishes their concurrence in the medical decisions taken by Doctor Young). Plaintiff similarly seeks to establish against PrimeCare on the grounds that it employed Young and because it allegedly failed to properly supervise and train him. Torres seeks injunctive relief as well as compensatory and punitive damages.

## Discussion

**Standard of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit). Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

>determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

**Personal Involvement**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on the nature of Plaintiff's allegations, it is apparent that he may, at least in part, be attempting to establish liability against PrimeCare on the basis that it employs Doctor Young.  Under the standards developed in <u>Rode</u>, any such assertion is insufficient for purposes of establishing liability under § 1983.

In order to establish a viable § 1983 claim against a private corporate entity such as PrimeCare, it must be asserted that said defendant had a policy, practice, or custom which caused injury to the plaintiff. <u>See</u> <u>Adonai-Adoni v. King</u>, 2009 WL 890683 * 2 (E.D. Pa. March 31, 2009) (a private health care provider can only be liable under § 1983 if claim rests upon some policy, practice or custom); <u>see</u> <u>also</u> <u>Riddick v. Modery</u>, 250 Fed. Appx. 482, 483-84 (3d Cir. 2007); <u>Carpenter v. Kloptoski</u>, 2010 WL 891825 * 8 (M.D. Pa. March 10, 2010)(§ 1983 claim against private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).

Torres' <u>pro se</u> Complaint alleges Plaintiff was given improper medication for back pain by Doctor Young.  However, there is no allegation or facts set forth in the Complaint that could support a claim that the challenged medication decision was the result of any PrimeCare policy, practice or custom.  Accordingly, Defendant PrimeCare is entitled to entry of dismissal.

With respect to Warden DeRose and Prison Board Chairman Haste,

prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Based upon an application of the standards set forth in Rode, the Complaint, to the extent that it seeks to establish liability against either Warden DeRose or Prison Board Chairman Haste under a theory of respondeat superior, is subject to dismissal. Likewise, any attempt by Plaintiff to pursue a claim against either DeRose or Haste, based upon the handling of Plaintiff's administrative grievances or complaints does not support a constitutional claim. See also Alexander v.

7

Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion, Plaintiff's claims against Defendants DeRose and Haste, based upon either their respective supervisory capacities or their failure to take action in response to his administrative grievances, is subject to dismissal.

**Deliberate Indifference**

Plaintiff alleges that Doctor Young violated his constitutional rights by prescribing him psychotropic medication for treatment of back pain which caused him to experience serious detrimental side effects. The Complaint notes that the medication at issue was not prescribed by a psychiatrist and was not given to him for treatment of any mental health related issue.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by

prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, the Complaint seeks relief with respect to what is generally described as side effects from medication

which included a strangulated ventral hernia requiring surgical intervention. Based upon the sparseness of the Complaint, it is unclear as to whether the side effects described therein were directly related to the taking of Pamelor. However, assuming <u>arguendo</u> that the Complaint did satisfy the serious medical need threshold, there are no facts asserted which could support a claim of deliberate indifference.

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. <u>See id</u>. However, where a failure or delay in providing prescribed treatment is

deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

It is initially noted that this is not a case where Plaintiff is alleging that he was denied any medical treatment or that medication or care was delayed. Rather, the Complaint generally asserts only that after his chronic back pain was not relived through the taking of two previously prescribed medications, Motrin and Mobick, Doctor Young acted improperly by prescribing Pamelor, because this medication purportedly caused the prisoner to suffer side effects.[4]

This sole claim is entirely premised on the adequacy of the care provided by Doctor Young. In Davidson v. Cannon, 474 U.S. 344, 347-48 (1986), the United States Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. Id. at 347-348. Simply put, allegations of negligence "do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12,

---

[4] It is noted that an exhibit attached to the Complaint indicates that the Pamelor was discontinued when Plaintiff elected to stop taking that medication.

11

2007)(citation omitted).[5]  As noted above, this is clearly not a situation where Plaintiff is alleging that he was not provided with required medical attention or that needed care was delayed.  Given the vagueness of the Complaint, at best, Torres' allegations represent his disagreement with a medical decision made by Doctor Young, specifically, the type of prescription medication given to the inmate for his chronic back pain.  Such a claim of negligent medical care by Doctor Young is not actionable in a civil rights action pursuant to the standards announced in Davidson and Whooten.

**Conclusion**

Since Plaintiff's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[5] There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim.  See  28 U.S.C. § 1367